1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SOHAN L.,

   Petitioner,

  v.

CHRISTOPHER CHESTNUT, et al.,

   Respondents.

No. 1:25-cv-01958-TLN-CKD

**ORDER**

  On December 22, 2025, the Court granted Petitioner Sohan L.'s ("Petitioner") Motion for a Temporary Restraining Order ("TRO") releasing Petitioner and ordered Respondents to show cause why a preliminary injunction should not issue on the same terms. (ECF No. 4.) In response, Respondents argue a preliminary injunction should not issue because Petitioner is subject to the mandatory detention framework of 8 U.S.C. § 1225(b). (ECF No. 8.)

  Courts nationwide, including this one, have overwhelmingly rejected Respondents' argument. *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (estimating over 350 cases ruled DHS's July policy improper across 160 different judges sitting in about 50 different courts nationwide); *Mirley Adriana Bautista Pico, et al. v. Kristi Noem, et al.*, No. 25-CV-08002-JST, 2025 WL 3295382, at

1

1  *2 (N.D. Cal. Nov. 26, 2025) (collecting cases); *Armando Modesto Estrada-Samayoa v. Orestes*

2  *Cruz, et al.*, No. 1:25-CV-01565-EFB (HC), 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025)

3  (collecting cases).

4       "These courts examined the text, structure, agency application, and legislative history of

5  1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that

6  does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo*

7  *Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12,

8  2025) (collecting cases).  In comparison, "[t]he government's proposed reading of the statute (1)

9  disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between

10  sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous;

11  and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v.*

12  *Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23,

13  2025) (collecting cases).  For these reasons, the Court finds Petitioner is not an applicant "seeking

14  admission" subject to mandatory detention under § 1225(b)(2).

15       Petitioner is entitled to constitutionally compliant due process when the Government

16  revokes a conferred liberty interest.[1] *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due

17  Process Clause applies to all 'persons' within the United States, including noncitizens, whether

18  their presence here is lawful, unlawful, temporary, or permanent.").  As this Court held

19  previously, Petitioner has lived in the United States for eight years, built a life in California,

20  complied with all release conditions and has a clear interest in his continued freedom.  (ECF No.

21  4 at 2–3.)  Petitioner was entitled to a hearing to determine whether his detention was warranted,

22  and that process was denied.  (*Id.* at 4–5.)  Respondents do not contest any of these facts nor

23  provide any justification for detaining Petitioner without compliance with constitutional

24  protections.

---

25  [1]       The Court has already found Petitioner established each of the *Winter* elements sufficient

26  to warrant relief as set forth in the TRO.  (ECF No. 4.)  Because the standard for issuing a TRO is
    "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales*

27  *Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its
    reasoning from the TRO, does not duplicate its analysis here, and only addresses new arguments

28  raised by the parties.

1        Thus, to prevent further irreparable harm, the Court issues a preliminary injunction.

2  Respondents are enjoined and restrained from imposing additional restrictions on Petitioner's

3  terms of release, unless such restrictions are determined to be necessary at a future pre-

4  deprivation/custody hearing.  Respondents are further enjoined and restrained from re-arresting or

5  re-detaining Petitioner absent compliance with constitutional protections, including seven-days'

6  notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the

7  Government shall bear the burden of proving by clear and convincing evidence that Petitioner

8  poses a danger to the community or a flight risk, and Petitioner shall be allowed to have his

9  counsel present.

10        Pursuant to Local Rule 302(a), this matter is hereby REFERRED to the assigned

11  Magistrate Judge for further proceedings.

12        IT IS SO ORDERED.

13  Date: January 20, 2026

14

15        TROY L. NUNLEY
          CHIEF UNITED STATES DISTRICT JUDGE